■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBBIE WHITE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered April 25, 1988, convicting him of robbery in the first degree, robbery in the second degree (two counts), assault in the second degree (two counts), grand larceny in the fourth degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

At the suppression hearing, the arresting officer testified that soon after observing the defendant and his codefendant walking down a Brooklyn street, he received a radio transmission from another officer that a robbery had occurred five minutes earlier and three blocks away. The sending officer, who had just been flagged down by the complainant, stated that he could not relay a description of the perpetrators because the complainant, who was bleeding from stab wounds, was hysterical. However, a second transmission from the same officer described the perpetrators as two male blacks, one dressed all in green and one dressed all in red. Upon hearing this, the arresting officer chased and apprehended the defendant and his codefendant who fit this description. They were then positively identified by the complainant from the back of an ambulance en route to the hospital. Based on the arresting officer's testimony, the hearing court denied those branches of the defendant's motion which were to suppress, *inter alia,* the showup identification testimony, the defendant's bloodied clothing, and property taken from the complainant during the robbery and recovered near the site of the arrest.

On appeal, the defendant contends that without the testimony of the sending officer, the People failed to meet their burden of coming forward with evidence to establish probable cause for the arrest *(see, People v Havelka,* 45 NY2d 636; *People v Lypka,* 36 NY2d 210). We disagree. The reliability of the transmission was sufficiently established by the arresting officer's testimony, which established that the source of the description was the complaining witness, who was present with the sending officer at the time the transmission was made, and who identified the defendant and his codefendant immediately afterward. Therefore, the People were not required to also produce the officer who relayed the information *(see, People v Petralia,* 62 NY2d 47, *cert denied* 469 US 852;

*People v James,* 135 AD2d 832). Furthermore, under the circumstances presented, the transmission, along with subsequent showup identifications, provided probable cause to arrest.

Nor do we find any merit in the defendant's contention that the People violated the principle of *Brady v Maryland* (373 US 83) by failing to turn over, until after the start of the trial, a laboratory report which confirmed the presence of human blood on the defendant's pants but was inconclusive as to whether the blood found was that of the complainant. Even assuming that the report was exculpatory material, the defendant was not deprived of a fair trial by the People's failure to disclose it earlier.

The rule of *Brady v Maryland (supra),* does not require that disclosure be made at any particular point of the proceedings, but only that it be made in time for the defense to use it effectively *(see, People v Bolling,* 157 AD2d 733; *People v Jemmott,* 144 AD2d 694). The report at issue was provided to the defense during the cross-examination of the complainant, the People's first witness. Therefore, the defense was afforded an ample opportunity to utilize it, although it chose not to do so, and there is no indication that an earlier disclosure would have had any effect on the outcome of the trial *(see, People v Vilardi,* 76 NY2d 67; *People v Nedrick,* 166 AD2d 725).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Kunzeman, J. P., Sullivan, Eiber and O'Brien, JJ., concur.