■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE AGUILAR, Appellant. [609 NYS2d 76] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered October 1, 1992, convicting him of criminal possession of a weapon in the second degree and attempted assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the defendant's conviction of criminal possession of a weapon in the

second degree to criminal possession of a weapon in the fourth degree, and vacating the sentence imposed on that count; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for resentencing on that count.

The defendant fired several shots from a handgun at his landlord during an argument and, while being pursued by a police officer in a police cruiser, leveled the same gun at the officer and pulled the trigger twice. Fortunately, the two cartridges, although struck by the gun's firing pin, did not discharge. The defendant was convicted of attempted assault in the first degree and criminal possession of a weapon in the second degree pursuant to his encounter with the police officer.

In order to support a conviction for criminal possession of a weapon in the second degree, which requires a "loaded firearm" (Penal Law § 265.03), the People must prove that both the firearm and the ammunition were operable (see, People v Cavines, 70 NY2d 882; People v Shaffer, 66 NY2d 663, 664; see also, People v Ciola, 136 AD2d 557; Matter of M., 178 AD2d 343; People v Daniels, 77 AD2d 745). Here, although the People presented proof that the firearm used was operable, the two misfired bullets (the only unspent bullets still chambered) were apparently not tested. Thus, the People failed to prove that, at the time the defendant intended to use the firearm unlawfully against another (during his encounter with the police officer), he possessed a "loaded firearm" (Penal Law § 265.03). Consequently, we modify the defendant's conviction on this count to criminal possession of a weapon in the fourth degree, which merely requires possession of "any firearm" (Penal Law § 265.01 [1]).

Concerning the remaining charge of attempted assault in the first degree, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]; People v Davis, 72 NY2d 32; People v Bracey, 41 NY2d 296).

The voir dire in this action was conducted prior to the decision in People v Antommarchi (80 NY2d 247) and the holding of that case is not applied retroactively (see, People v Mitchell, 80 NY2d 519).

We have considered the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, Copertino and Hart, JJ., concur.