■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL LAMOUR, Appellant. [610 NYS2d 73] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered October 24, 1990, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the third degree beyond a reasonable doubt. Two police officers on patrol had an unobstructed view of the defendant and his firearm from relatively close range in a well-lit area. The firearm was recovered upon the defendant's arrest and submitted for ballistics testing. Both the firearm and the ammunition inside the firearm were found to be operable. In addition, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). Although there were inconsistencies in the testimony of the People's witnesses, these inconsistencies were fully explored by defense counsel on cross-examination and created an issue of credibility that was primarily for the jury to determine (see, People v Jones, 154 AD2d 396; People v McCrimmon, 131 AD2d 598). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88).

We also reject the defendant's claim that reversible error took place due to the prosecutor's remarks in summation. We find that the majority of the challenges to the prosecutor's summation remarks are unpreserved for appellate review (see, CPL 470.05 [2]). In any event, the comments made by the prosecutor were proper responses to arguments that defense counsel had made during summation (see, People v Alexandria, 126 AD2d 655; People v Torres, 121 AD2d 663, 664; People v Blackman, 88 AD2d 620, 621), may be characterized as fair comment on the evidence (see, People v Hill, 176 AD2d 755, 756; People v Glenn, 140 AD2d 623; People v Oakley, 114

AD2d 473), or were not so prejudicial as to constitute reversible error, especially in light of the court's curative instructions and the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230, 237; *cf., People v Galloway,* 54 NY2d 396).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Sullivan, Miller and Hart, JJ., concur.