■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL HUNTER, Appellant. [623 NYS2d 13] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered March 24, 1992, convicting him of criminal possession of a weapon in the third degree, criminal possession of a controlled substance in the fifth degree, criminal possession of a controlled substance in the seventh degree, and criminal possession of a hypodermic instrument, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing as a second violent felony offender.

The defendant Earl Hunter and the codefendant Leonard Schuler were being followed by an unmarked police patrol car because the car in which they were riding was being driven in an erratic manner, at an excessive speed. After a short while, their car was driven onto a sidewalk where it struck a fence and became stuck in the mud. When the officers approached to investigate, one of the officers observed a revolver on the front seat of the car. Upon the arrest of the defendant and the codefendant, and a search of the two men and the vehicle, the police discovered five vials of crack cocaine and six hypodermic instruments on the person of the defendant Hunter, a paper bag containing 30 vials of crack cocaine lying on the floor of the front passenger side of the car, and another revolver on the floor of the rear passenger side of the car.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We find, and the People concede, that the defendant Hunter was improperly sentenced as a persistent violent felony offender. We, thus, remit the matter to the Supreme Court, Kings County, for resentencing as a second violent felony offender.

The defendant's remaining contentions are either unpreserved for appellate review (see, CPL 470.05 [2]), or do not warrant reversal (see, People v Lamour, 203 AD2d 388, 389). Miller, J. P., Thompson, Santucci and Joy, JJ., concur.