■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK SUTHERLAND, Appellant. [645 NYS2d 466] —Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered

October 23, 1990, convicting defendant, after a jury trial, of two counts of attempted assault in the second degree, two counts of burglary in the first degree, criminal possession of a weapon in the second degree, two counts of criminal possession of a weapon in the third degree, and attempted escape in the first degree, and sentencing him, as a second violent felony offender, to an aggregate term of 20 to 40 years, including 2 to 4 years for the attempted assault convictions, $12^{1}/_{2}$ to 25 years for the burglary convictions, $3^{1}/_{2}$ to 7 years for the third degree weapon possession convictions, and 2 to 4 years for the attempted escape conviction, unanimously affirmed.

Although defendant does not contest the trial court's ruling that the prosecutor established a prima facie case of discrimination in the exercise of defense challenges, he contends that he then met his burden of coming forward with legitimate, racially neutral explanations for those challenges (*Georgia v McCollum*, 505 US 42; *Batson v Kentucky*, 476 US 79). However, viewing the record in its entirety, the court did not erroneously apply the *Batson* doctrine in determining that counsel's explanations were pretextual especially in light of counsel's virtual concession of racial motivation for the strikes. Great deference is to be accorded the trial court's determination (*Batson v Kentucky, supra*, at 98; *People v Hernandez*, 75 NY2d 350, 356-357, *affd* 500 US 352). The record also fails to support defendant's contention that he was denied his right to be present at the *Batson* hearing. Moreover, since the rule announced in *People v Sloan* (79 NY2d 386) and *People v Antommarchi* (80 NY2d 247) is only to be applied retroactively (*People v Sprowal*, 84 NY2d 113; *People v Mitchell*, 80 NY2d 519), such ruling is not applicable to the instant 1990 proceeding.

Assuming *arguendo* the statements of a witness who did not testify at trial constituted exculpatory material, defendant was not deprived of a fair trial by the People's failure to disclose them until the close of evidence. *Brady v Maryland* (373 US 83) does not require that disclosure be made at any particular point in the proceedings, but only that it be made in time for the defense to use it effectively (*People v White*, 178 AD2d 674, 675, *lv denied* 79 NY2d 1009). Since defendant failed to move to reopen the case, to question the officer who took the statements from the witness, even though the officer was recalled by the prosecution, and did not request an adjournment to call the witness whose role he was aware of from the beginning, defendant's contention is unpreserved as a matter of law (*see, People v Medina*, 53 NY2d 951; *People v White, supra*) and we decline to review it in the interest of justice. Although the

statements constituted *Rosario* material (*People v Rosario*, 9 NY2d 286, *cert denied* 368 US 866), by failing to object to the late disclosure on this ground and by failing to request a remedy for the violation, defendant failed to preserve his contention for review as a matter of law (CPL 470.05 [2]; *People v Rogelio*, 79 NY2d 843) and we decline to review in the interest of justice.

Defendant's contention that the People failed to prove his guilt of criminal possession of a weapon in the third degree beyond a reasonable doubt, based on his assertion that they failed to prove that he knew the gun in his possession was defaced, is unpreserved (*People v Gray*, 86 NY2d 10), and without merit. It was entirely reasonable, based on the testimony adduced at trial, for the jury to have inferred that he knew that the gun which he possessed was defaced (*see, People v Reisman*, 29 NY2d 278, 285-286, *cert denied* 405 US 1041).

Defendant's contention that he was deprived of a fair trial by the prosecutor's improper use of his post-arrest silence is largely unpreserved and, in certain instances, without merit. Although counsel properly objected to certain comments and questions and it would have been the better practice for the prosecutor to have avoided this line of questioning and comments, reversal is not warranted since there was no reasonable possibility that such error contributed to defendant's conviction in light of the overwhelming evidence of guilt (*People v Basora*, 75 NY2d 992, 994).

The court properly admitted that portion of the 911 tapes in which the victims described their assailant (*People v Perkins*, 213 AD2d 358, 359).

We have considered defendant's remaining contentions and find they do not warrant any modification of the judgment. Concur—Wallach, J. P., Kupferman, Ross, Nardelli and Tom, JJ.