■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH GAY, Also Known as SHAKIM JIHAD ALLAH, Appellant. [637 NYS2d 310] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Lentol, J.), rendered December 7, 1977, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was prejudiced by several comments that were made by the prosecutor during his cross-examination of the defense witnesses and during his summation. The majority of the defendant's challenges to the remarks in question are unpreserved for appellate review (*see*, CPL 470.05 [2]). In any event, the challenged remarks were, for the most part, fair response to the defendant's summation, fair comment on the evidence, or otherwise proper (*see, People v Ashwal*, 39 NY2d 105; *People v Lee*, 209 AD2d 723; *People v Holland*, 204 AD2d 483; *People v Lamour*, 203 AD2d 388). The remaining comments were not so prejudicial as to warrant reversal, especially in light of the Supreme Court's curative instructions and the overwhelming evidence of the defendant's guilt (*see, People v Crimmins*, 36 NY2d 230, 237; *People v Galloway*, 54 NY2d 396; *People v Lee, supra; People v Holland, supra; People v Lamour, supra*).

The defendant contends that he was deprived of his constitutional right to the effective assistance of counsel. However, the representation afforded petitioner did not fall below that required by the Constitution (*see, People v Flores*, 84 NY2d 184; *People v Rivera*, 71 NY2d 705, 708; *People v Satterfield*, 66 NY2d 796; *People v Baldi*, 54 NY2d 137; *People v DeFreitas*,

213 AD2d 96, 101; *compare, People v Rojas*, 213 AD2d 56, 67-68).

We have considered the defendant's remaining contentions and find them to be without merit *(see, People v Geattys*, 200 AD2d 585; *People v Whitmore*, 123 AD2d 336; *People v Mc-Guire*, 205 AD2d 805). Rosenblatt, J. P., Hart, Krausman and Goldstein, JJ., concur.