■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FITZROY MORRIS, Appellant. [665 NYS2d 325] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flug, J.), rendered March 21, 1995, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see*, CPL 470.15 [5]). The minor discrepancies in the testimony of the two police officers did not render their testimony incredible as a matter of law (*see, People v Draksin*, 145 AD2d 500; *People v Di Girolamo*, 108 AD2d 755). Resolution of issues of credibility, as well as the weight accorded to the evidence presented at trial, are primarily questions to be determined by the jury, which saw and heard the witnesses (*People v Gaimari*, 176 NY 84, 94). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*People v Garafolo*, 44 AD2d 86, 88).

The defendant's challenges to various remarks made by the prosecutor during his summation are unpreserved for appellate review. The defendant failed to request curative instructions or move for a mistrial once the court sustained his objections to the prosecutor's comments (*see, People v Rodriguez*, 182 AD2d 844; *People v Lewis*, 175 AD2d 885). In any event, the comments were either fair responses to defense counsel's summation or not so prejudicial as to warrant reversal (*see, People v Lamour*, 203 AD2d 388). The defendant's remaining claims of prosecutorial misconduct are unpreserved for appellate review (*see*, CPL 470.05 [2]) and, in any event, without merit.

Finally, the defendant's sentence was not excessive (*see, People v Suitte*, 90 AD2d 80). Bracken, J. P., Joy, Altman and Goldstein, JJ., concur.