■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD HOOVER, Appellant. [670 NYS2d 342] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flug, J.), rendered February 29, 1996, convicting him of criminal sale of a controlled substance in the third degree, criminal sale of a controlled substance in or near school grounds, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The People's failure to disclose the Grand Jury testimony of a witness, which was claimed to be *Brady* material (*see*, *Brady v Maryland*, 373 US 83), prior to jury selection does not warrant reversal, since the material was disclosed "in time for the defense to use it effectively" (*People v White*, 178 AD2d 674, 675), and the trial court mitigated any possible prejudice resulting from the delay (*see*, *People v Rivas*, 214 AD2d 996; *cf.*, *People v Roberts*, 203 AD2d 600).

The defendant failed to establish a violation of his rights under *Batson v Kentucky* (476 US 79) (*see*, *People v Allen*, 86 NY2d 101). For each of the three black male jurors peremptorily challenged by the People and not seated as jurors, there are facially race-neutral reasons for the challenges apparent in the record. The defendant failed to articulate any basis for his claim of pretext.

The defendant's contention that the verdict is repugnant is unpreserved for appellate review (*see*, *People v Alfaro*, 66 NY2d

985, 987), and, in any event, is without merit. Rosenblatt, J. P., Sullivan, Santucci and Goldstein, JJ., concur.