■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISRAEL CANDELARIO, Appellant. [687 NYS2d 435] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (LaTorella, J.), rendered August 7, 1997, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove his guilt by legally sufficient evidence because the undercover officer's testimony was incredible and did not establish that the defendant intentionally aided in the sale. We disagree. Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant engaged in conduct which aided and abetted the sale of cocaine to the undercover officer (*see, People v Figueroa,* 219 AD2d 606, 607). Moreover, the inconsistencies between the undercover officer's hearing and trial testimony concern issues of credibility and the weight to be accorded to the evidence, which are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's challenges to the comments made by the prosecutor during his summation are unpreserved for appellate review since defense counsel either made no objection at all or failed to request a mistrial after the court sustained his objection and gave a curative instruction (*see, People v Morris,* 244 AD2d 361; *People v Rodriguez,* 182 AD2d 844; *People v*

*Lewis,* 175 AD2d 885). In any event, the comments were either fair response to defense counsel's summation or do not warrant reversal (*see, People v Morris, supra; People v Lamour,* 203 AD2d 388).

The defendant's claim that he was denied a fair trial by the late disclosure of *Brady* material is without merit since the record indicates the material was turned over before opening statements in time for the defense to use it effectively (*see, People v Hoover,* 248 AD2d 728; *People v White,* 178 AD2d 674, 675; *People v Bolling,* 157 AD2d 733; *People v Jemmott,* 144 AD2d 694), and there is no indication that an earlier disclosure would have had any effect on the outcome of the trial (*see, People v Vilardi,* 76 NY2d 67; *People v Nedrick,* 166 AD2d 725). Mangano, P. J., Bracken, Joy and Krausman, JJ., concur.