■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DORSHON LUKE, Appellant. [719 NYS2d 122] —Appeals by the defendant from (1) a judgment of the County Court, Westchester County (Zambelli, J.), rendered March 30, 1999, convicting him of attempted robbery in the second degree (two counts) and assault in the second degree under Indictment No. 98-00382, upon a jury verdict, (2) a judgment of the same court, also rendered March 30, 1999, convicting him of criminal possession of a weapon in the third degree under Indictment No. 98-00383, upon his plea of guilty, and (3) a judgment of the same court, also rendered March 30, 1999, convicting him of criminal possession of a controlled substance in the fifth degree

under Indictment No. 98-00384, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant contends that the People failed to prove beyond a reasonable doubt that he had the requisite intent to support the convictions of attempted robbery in the second degree under Indictment No. 98-00382. Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), the evidence was legally sufficient to establish that the defendant intended to forcibly steal property from the complainant. The complainant testified that the defendant, while aided by others, continuously pummeled him, causing facial lacerations and a broken nose. The complainant further testified that while the attack took place, he felt at least two hands entering the front pocket of his pants. Contrary to the defendant's contention, the conclusion that the defendant attempted to forcibly steal the complainant's property can be readily inferred from the defendant's conduct and the surrounding circumstances (*see, People v Bracey,* 41 NY2d 296, 303; *People v Hernandez,* 257 AD2d 664).

The defendant's contention that the verdict is repugnant is unpreserved for appellate review (*see, People v Alfaro,* 66 NY2d 985, 987) and, in any event, without merit (*see, People v Grier,* 37 NY2d 847; *People v Hoover,* 248 AD2d 728).

In light of our determination affirming the judgment under Indictment No. 98-00382 convicting the defendant of two counts of attempted robbery in the second degree and assault in the second degree, the defendant's remaining contentions regarding the waivers of the right to appeal the convictions under Indictments Nos. 98-00383 and 98-00384, are academic. Santucci, J. P., Altman, Goldstein and McGinity, JJ., concur.