■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX RODRIGUEZ, Appellant. [722 NYS2d 257] —Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered December 4, 1996, convicting him of murder in the second degree, attempted murder in the second degree, criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree, and reck-

less endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that his judgment of conviction should be reversed based upon the late disclosure of *Brady* material (*see, Brady v Maryland,* 373 US 83) is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Bynum,* 70 NY2d 858). In any event, the material at issue was turned over to the defendant before the opening statements and in sufficient time for him to use it in a meaningful fashion during the cross-examination of the People's witnesses or as evidence during his case (*see, People v Cortijo,* 70 NY2d 868). There is no indication that a reasonable possibility exists that earlier disclosure of the material might have led to a different outcome of the trial (*see, People v Vilardi,* 76 NY2d 67). Further, the sanction imposed by the trial court, which limited the People's ability to cross-examine or comment on certain evidence contained in the *Brady* material, was an appropriate judicial response and did not constitute reversible error (*see,* CPL 240.70; *People v Kelly,* 62 NY2d 516).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J. P., S. Miller, Goldstein and Smith, JJ., concur.