the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contentions either are without merit or do not warrant reversal. Santucci, J.P., Schmidt, Cozier and Rivera, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHENG KANG SHI, Appellant. [783 NYS2d 877]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered March 3, 2003, convicting him of gang assault in the first degree, gang assault in the second degree, assault in the second degree, and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Watkins*, 5 AD3d 510 [2004], *lv denied* 3 NY3d 650 [2004]; *People v Marquez*, 298 AD2d 407 [2002]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Ritter, J.P., Schmidt, Cozier and Skelos, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEAN DENIS, Appellant. [783 NYS2d 866]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated September 24, 2001 (*People v Denis*, 286 AD2d 775 [2001]), affirming a judgment of the Supreme Court, Kings County, rendered August 17, 1999.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Prudenti, P.J., Ritter, H. Miller and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE GARDNER, Appellant. [785 NYS2d 462]—