THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELLIS WOOD, Appellant. [835 NYS2d 414]—

Appeal by the defendant from a judgment of the Supreme

Court, Kings County (Feldman, J.), rendered November 13, 2002, convicting him of murder in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his videotaped statement to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court erred in denying that branch of his omnibus motion which was to suppress his videotaped statement to law enforcement officials because it was made subsequent to his invocation of the right to counsel. While this issue was not raised before the hearing court, the claimed deprivation of that constitutional right may be raised for the first time on appeal (*see People v Kinchen,* 60 NY2d 772, 773 [1983]; *People v Samuels,* 49 NY2d 218, 221 [1980]; *cf. People v Delacruz,* 13 AD3d 642 [2004]). During the custodial interrogation, the defendant told police "I think I should get a lawyer," and subsequently made the videotaped statement at issue. While the hearing court erred in failing to suppress the defendant's videotaped statement, that error was harmless beyond a reasonable doubt in light of the overwhelming evidence of the defendant's guilt (*see generally People v Crimmins,* 36 NY2d 230, 241-242 [1975]).

The defendant failed to preserve his specific arguments regarding the late disclosure of *Rosario* material (*see People v Rosario,* 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]) and *Brady* material (*see Brady v Maryland,* 373 US 83 [1963]; CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Rodriguez,* 281 AD2d 644, 645 [2001]), namely, that had he received timely disclosure of his accomplice's prior statement, he would not have introduced into evidence his accomplice's affidavit. In any event, the People's delay in providing *Rosario* material does not warrant reversal of the defendant's conviction as there is no showing that the defendant suffered any actual prejudice from the delay (*see* CPL 240.75; *People v Myron,* 28 AD3d 681, 683 [2006]; *People v Poladian,* 2 AD3d 755 [2003]; *People v Page,* 296 AD2d 427, 427-428 [2002]). The material was available for use at trial upon its disclosure and was, in fact, used by the defendant (*see People v Chaffee,* 30 AD3d 763, 764 [2006]). The defendant also failed to show under *Brady* a reasonable possibility that the result of the trial would have been different but for the timing of the disclosure (*see People v Scott,* 88 NY2d 888, 890-891 [1996]; *People v Vilardi,* 76 NY2d 67, 77-78 [1990]; *People v Rodriguez, supra* at 644).

The defendant's remaining contentions are without merit. Mastro, J.P., Rivera, Dillon and Carni, JJ., concur.