■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRAVIS ROBINSON, Appellant. [876 NYS2d 520]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered May 17, 2006, convicting him of murder in the second degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was denied a fair trial by the People's late disclosure of three witnesses' statements is without merit. To the extent that these statements constituted *Brady* material (*see Brady v Maryland,* 373 US 83 [1963]), the People turned them over to the defense in time for the defense to use them effectively (*see People v Myron,* 28 AD3d 681 [2006]; *People v Gardner,* 12 AD3d 525 [2004]; *People v Maddrey,* 282 AD2d 761 [2001]; *People v Candelario,* 260 AD2d 391 [1999]).

The trial court providently exercised its discretion in permitting the medical examiner to give expert testimony regarding the likely position of the shooter in the vehicle where the murder occurred based on the injuries the victim suffered (*see People v Lee,* 96 NY2d 157, 162 [2001]; *People v Menendez,* 50 AD3d 1061, 1062 [2008]; *People v South,* 47 AD3d 734, 735-736 [2008]).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see People v Hawkins,*

11 NY3d 484 [2008]; *People v Lane,* 7 NY3d 888, 889 [2006]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.