■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KHEMWATTIE BEDESSIE, Appellant. [911 NYS2d 453]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered July 31, 2007, convicting her of rape in the first degree, sexual abuse in the first degree (six counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, in the context of this case, the Supreme Court providently exercised its discretion in precluding expert testimony on false confessions generally, and as to the defendant's particular susceptibility to make a false confession under police interrogation (*see People v Crews*, 74 AD3d 983 [2010]; *People v Ragsdale*, 68 AD3d 897 [2009]).

In reviewing the defendant's contention that her trial counsel was ineffective, we must "avoid both confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis" (*People v Baldi*, 54 NY2d 137, 146 [1981]). Upon our review of the totality of the record, we are satisfied that the defendant's counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d at 147).

Any error committed by the Supreme Court in admitting into evidence certain medical records containing double hearsay (*see People v Ballerstein*, 52 AD3d 1192 [2008]; *Rivera v City of New York*, 293 AD2d 383 [2002]) was harmless, as the evidence of

the defendant's guilt was overwhelming, and there is no significant probability that the jury would have acquitted the defendant but for the alleged error (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

The defendant's contention that she was deprived of a fair trial by certain remarks made by the prosecutor during summation is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]; *People v Tonge*, 93 NY2d 838, 838-839 [1999]). In any event, most of the challenged remarks were fair comment on the evidence, permissible rhetorical comment, or fair response to defense counsel's summation (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Polin*, 63 AD3d 1180 [2009]). To the extent that the prosecutor may have exceeded the bounds of permissible rhetorical comment, any error was harmless (*see People v Crimmins*, 36 NY2d at 241-242; *People v Torres*, 72 AD3d 709 [2010]).

The defendant's remaining contentions are without merit. Skelos, J.P., Dickerson, Eng and Lott, JJ., concur.