THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN DELAROSA, Appellant. [922 NYS2d 188]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Sullivan, J.), rendered August 10, 2009, convicting him of murder in the first degree, murder in the second degree (two counts), robbery in the first degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the prosecutor committed misconduct by failing to turn over exculpatory evidence, in violation of *People v Rosario* (9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]) and *Brady v Maryland* (373 US 83 [1963]), is without merit. It is not disputed that the subject document was timely turned over to the defense prior to the prosecutor's opening statements and in time to allow the defense to utilize it effectively during the trial (*see* CPL 240.45 [1]; *People v Robinson*, 61 AD3d 784 [2009]; *People v Myron*, 28 AD3d 681 [2006], *cert denied* 549 US 1326 [2007]; *People v Gardner*, 12 AD3d 525 [2004]; *People v Maddrey*, 282 AD2d 761 [2001]; *People v Candelario*, 260 AD2d 391 [1999]). Accordingly, the County Court properly held that no violation had occurred.

The defendant's contention that the County Court failed to engage in a proper *Molineux* balancing test (*see People v Molineux*, 168 NY 264 [1901]), prior to allowing testimony regarding the defendant's prior gun possession and use, is also without merit. The County Court properly balanced the probative value of allowing the People to elicit testimony that the defendant had previously possessed and used the murder weapon in order to establish the elements of the crimes charged, against the risk that the testimony of the defendant's prior uncharged possession and use would be used by the jury as improper propensity evidence, and found that the probative value and the need for the testimony outweighed the potential for delay, surprise and prejudice (*see People v Hudy*, 73 NY2d 40, 55 [1988], *abrogated*

*on other grounds by Carmell v Texas,* 529 US 513 [2000]; *People v Alvino,* 71 NY2d 233, 242 [1987]). Moreover, the County Court ensured that the evidence was used in the proper fashion, and for the proper purpose, when it instructed the jury, twice, as to the permissible and impermissible use of the testimony (*see People v Green,* 56 AD3d 490 [2008]; *People v Norman,* 40 AD3d 1128 [2007]; *cf. People v Mendez,* 70 AD3d 861 [2010]). Accordingly, the County Court did not improvidently exercise its discretion in allowing the testimony.

The defendant's contention that he was deprived of his right to a fair trial by the preclusion of two witnesses is also without merit. The County Court did not improvidently exercise its discretion in precluding the defense from calling an expert whose testimony would have been redundant and not useful to the jury in discharging its duty (*see People v Taylor,* 75 NY2d 277, 288 [1990]; *People v Carey,* 67 AD3d 925, 926 [2009]; *see also People v Bedessie,* 78 AD3d 960 [2010]; *People v Fernandez,* 78 AD3d 726 [2010]) and a lay witness whose testimony would have been collateral or speculative (*see People v Pavao,* 59 NY2d 282, 288 [1983]; *People v Seabrook,* 76 AD3d 606 [2010]; *People v Parham,* 74 AD3d 1237 [2010]; *People v Buonincontri,* 18 AD3d 569 [2005], *affd* 6 NY3d 726 [2005]; *People v Hoover,* 298 AD2d 599 [2002]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 83 [1982]).

The defendant's remaining contentions are unpreserved for appellate review. Angiolillo, J.P., Florio, Lott and Austin, JJ., concur.