◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WILLIAMS, Appellant. [941 NYS2d 255]—

Appeal by the defendant from a judgment of the County Court, Orange County (Freehill, J.), rendered January 7, 2010, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and menacing in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was prejudiced by the belated disclosure of alleged *Brady* material (*see Brady v Maryland*, 373 US 83 [1963]), is unpreserved for appellate review. In any event, and assuming, arguendo, that the material constituted *Brady* material, the defendant failed to demonstrate that he suffered any prejudice from the delayed disclosure, as the material was disclosed before jury selection and the commencement of trial (*see People v Delarosa*, 84 AD3d 832 [2011]; *People v Robinson*, 61 AD3d 784 [2009]; *People v Fuentes*, 48 AD3d 479 [2008], *affd* 12 NY3d 259 [2009]).

The defendant also failed to preserve for appellate review his

contention that the County Court improvidently exercised its discretion in declining to disqualify a sworn juror who expressed serious concerns after her young son asked her about "John Williams" (the defendant's name) and could not tell her where he had heard the name (*see* CPL 470.05 [2]). In any event, upon questioning, the juror stated that her determination would be based on the facts presented at trial. The juror also confirmed that she had not spoken to any other juror about the matter. Accordingly, the County Court properly determined that the juror was not "grossly unqualified" to serve as a member of the jury (CPL 270.35; *see People v Buford*, 69 NY2d 290, 297-298 [1987]; *People v Saunders*, 83 AD3d 1100 [2011]; *People v Parnell*, 60 AD3d 1087 [2009]).

Penal Law § 265.03 (3) provides that a person is guilty of criminal possession of a weapon in the second degree when such person unlawfully possesses a loaded firearm (*see* Penal Law § 265.03 [3]; *People v Cavines*, 70 NY2d 882 [1987]; *People v Aguilar*, 202 AD2d 512 [1994]). A person is guilty of criminal possession of a weapon in the third degree when such person commits the crime of criminal possession of a weapon in the fourth degree and has been previously convicted of any crime (*see* Penal Law § 265.02 [1]). While the People must prove that the weapon was operable in both instances (*see People v Mathieu*, 83 AD3d 735, 735-736 [2011]; *People v Singson*, 40 AD3d 1015 [2007]; *People v Aguilar*, 202 AD2d at 513), to establish criminal possession of a weapon in the second degree, the People must also show that the firearm was loaded with live ammunition (*see* Penal Law § 265.03 [3]; *People v Mathieu*, 83 AD3d at 736; *People v Aguilar*, 202 AD2d at 513).

To the extent that the defendant contends, in effect, that the People failed to present legally sufficient evidence to establish that the gun he was seen holding was operable and loaded with live ammunition, the defendant did not preserve this argument for appellate review because it was not the subject of his motion to set aside the jury verdict, and he failed to allege a specific basis when he moved for a trial order of dismissal based on the People's alleged failure to make a prima facie showing (*see* CPL 470.05 [2]; *People v Mathieu*, 83 AD3d at 735-736; *People v Goddard*, 72 AD3d 839 [2010]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent

review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Bleakley*, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those two crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is not preserved for appellate review and, in any event, is without merit. Dillon, J.P., Florio, Austin and Roman, JJ., concur.