■ The People of the State of New York, Respondent, v Grant A. Zale, Appellant. [28 NYS3d 360]—

Judgment, Supreme Court, Bronx County (Ethan Greenberg, J., at speedy trial motion; Harold Adler, J., at jury trial and

---

sentencing), rendered September 25, 2012, convicting defendant of two counts of driving while intoxicated, and sentencing him to three years' probation, unanimously affirmed.

The court properly denied defendant's speedy trial motion. The court correctly determined that none of the People's declarations of readiness were illusory. Initially, we note that unlike the situation in *People v Sibblies* (22 NY3d 1174 [2014]), this case does not involve an off-calendar certificate of readiness undermined by the People's subsequent request for an adjournment. In any event, there is no basis for finding that any statements of readiness failed to accurately reflect the People's position.

When the People announced ready on various occasions, they had sufficient evidence to proceed with at least a minimal prima facie case. To establish a violation of Vehicle and Traffic Law § 1192 (2-a) (a), one of the two intoxicated driving charges of which defendant was convicted, there must be breathalyzer test results showing that a defendant had the statutory minimum blood alcohol content at the relevant time (*see People v Mertz*, 68 NY2d 136, 139 [1986]). Breathalyzer test results may be admitted only if the People lay the proper foundation by presenting "evidence from which the trier of fact could reasonably conclude . . . that the testing device was in proper working order at the time the test was administered to the defendant" (*People v Freeland*, 68 NY2d 699, 700 [1986]).

Defendant argues that the People's statements of readiness, made over the course of roughly 20 months when the case was pending, were illusory because the People did not obtain and produce a calibration report to establish operability of the breathalyzer device until the day of trial. It is not the calibration report, but proof of the operability of the breathalyzer, that is necessary to lay a prima facie foundation for admission of the breathalyzer test results. Here, the People represented that they intended to establish operability through the testimony of a police witness, who would, in addition, bring the calibration report to court. Therefore, the People's delay in obtaining and producing the calibration report, ultimately provided to defense counsel just before trial, was at most a failure to comply with a discovery request, which does not render their prior statements of readiness illusory (*see People v Wright*, 50 AD3d 429 [1st Dept 2008], *lv denied* 10 NY3d 966 [2008]; *see also People v Anderson*, 66 NY2d 529, 543 [1985]). Concur—Tom, J.P., Friedman, Saxe and Richter, JJ.