The People of the State of New York, Respondent,
against
Sharon Mariner, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Alexander M. Tisch, J., at speedy trial motion; Felicia A. Mennin, J., at jury trial), rendered June 25, 2015, convicting defendant of two counts of driving while intoxicated and aggravated driving while intoxicated per se, and imposing sentence.




Per Curiam.
Judgement of conviction (Alexander M. Tisch, J., at speedy trial motion; Felicia A. Mennin, J., at jury trial), rendered June 25, 2015, reversed, on the law, defendant's speedy trial motion granted and the accusatory instrument dismissed. 
Initially, we reject defendant's argument that the People's May 15, 2012 off-calendar statement of readiness [SOR] was ineffective because it was served upon the wrong defense counsel. The SOR was properly served upon the attorney who represented defendant at arraignment, since defendant's new attorney had not notified the People of the change in representation. 
Nor was the May 15, 2012 SOR shown to be illusory. Unlike the situation in People v Sibblies, 22 NY3d 1174 (2014), the May 15, 2012 off-calendar SOR was not followed by the People's declaration of unreadiness at the next court appearance (see People v Zale, 137 AD3d 634 [2016]). To the contrary, on the next court date, June 12, 2012, a motion schedule was set; on the following date, July 25, 2012, defense motions were filed; and on the next date, August 6, 2012, the prosecutor's response was filed and the matter was adjourned to October 15, 2012 for hearings and trial. Defendant, in fact, concedes that the period from June 12, 2012 through October 15, 2012 is excludable.
We agree with defendant, however, that the People's second off-calendar SOR filed on March 29, 2013 was illusory. In this regard, the People declared themselves unready on October 15, 2012, as well as the next three appearances, the last of which was March 21, 2013. On this latter date, the People did not request an adjournment for any specific duration and the Court adjourned the matter to May 1, 2013, some 41 days later. The People then filed a (second) off-calendar SOR on March 29, 2013. On May 1, 2013, the People again declared themselves unready, and were also unready at the three subsequent appearances.
The People contend that the period between their March 29 off-calendar SOR and their [*2]May 1, 2013 in-court statement of unreadiness (33 days) should not be added to the 70 days conceded as chargeable, claiming that the second SOR was not illusory. The People point to the fact that May 1, 2013, the first court appearance following the filing of the second SOR, was the arresting officer's day off. No reason was offered for the People's other declarations of unreadiness.
When viewed in light of surrounding circumstances, including the four in-court declarations of unreadiness immediately prior to the People's filing of the second SOR, as well as the four consecutive in-court declarations of unreadiness immediately after such filing, and the lack of any satisfactory explanation, defendant has effectively rebutted the presumption of truthfulness and accuracy of the second off-calendar SOR (see Sibblies, 22 NY3d at 1179-1182; People v Rodriguez, 135 AD3d 587 [2016]; People v Bonilla, 94 AD3d 633 [2012]). Accordingly, we conclude that the People should have been charged with the 33-day period between March 29 and May 1, 2013. When this period is added to the 70 days conceded as chargeable, the People exceeded the 90-day speedy trial limit. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: July 06, 2016