People v Sicilianonunez (2019 NY Slip Op 03630)





People v Sicilianonunez


2019 NY Slip Op 03630


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2017-09170
 (Ind. No. 1572/16)

[*1]The People of the State of New York, respondent,
v
Marvin S. Sicilianonunez, appellant.


Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Karla Lato and Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Peter H. Mayer, J.), rendered August 2, 2017, convicting him of burglary in the first degree, criminal sexual act in the first degree, burglary in the second degree, attempted rape in the first degree, and criminal obstruction of breathing or blood circulation (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant's contention that the grand jury proceedings were defective within the meaning of CPL 210.35(5) because of the presenting prosecutor's failure to instruct the grand jury on the defense of intoxication is unpreserved for appellate review (see CPL 470.05[2]; People v Brown, 81 NY2d 798, 799; People v Forde, 140 AD3d 1085, 1087). In any event, the defendant's contention is without merit. A prosecutor is required to instruct the grand jury as to complete defenses, but not as to those defenses that may only reduce the degree or gravity of the crime (see People v Harris, 98 NY2d 452, 475; People v Valles, 62 NY2d 36, 38-39; People v Tunit, 149 AD3d 1110, 1111). Here, "[l]ike a mitigating defense, intoxication merely reduces the gravity of the offense by negating an element" (People v Harris, 98 NY2d at 475). Therefore, the grand jury proceedings were not rendered defective by the prosecutor's failure to give an instruction on the defense of intoxication.
After opening statements were made at trial, the defendant moved for a mistrial based upon the prosecution's late disclosure of a form which, in the defendant's view, tended to establish an intoxication defense that he might have employed during questioning at the pretrial Huntley hearing (see People v Huntley, 15 NY2d 72). The remedy for a pretrial Rosario violation (see People v Rosario, 9 NY2d 286) is not automatic reversal of the conviction but a new hearing. Retrial is necessary only if, after that hearing, the motion court concludes that the defendant should prevail (see People v Banch, 80 NY2d 610, 619; People v Pugh, 258 AD2d 674, 674). Here, in response to the late disclosure, the County Court vacated the decision rendered after the pretrial Huntley hearing, directed a second Huntley hearing, offered defense counsel any reasonable adjournment to investigate the issues, informed the parties that it might consider other remedies at [*2]a later date, and directed the prosecutor not to have any conversation with her witness before the second Huntley hearing. Following the second Huntley hearing, the court adhered to its original determination. Accordingly, we agree with the court's denial of the defendant's motion for a mistrial.
We agree with the County Court's denial, after the second Huntley hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement officials, as the evidence established that they were voluntarily made after the defendant knowingly, intelligently, and voluntarily waived his Miranda rights (see Miranda v Arizona, 384 US 436; People v Dayton, 66 AD3d 797, 798; People v O'Malley, 282 AD2d 884, 885). Although the defendant maintained that he was intoxicated at the time he made the statements, intoxication alone is insufficient to render a statement involuntary. Only where it is demonstrated that the defendant was intoxicated to a degree of mania or of being unable to understand the meaning of his or her statements is suppression warranted (see People v Schompert, 19 NY2d 300, 305; People v Ginsberg, 36 AD3d 627, 628; People v Benjamin, 17 AD3d 688, 689). Here, the evidence failed to establish that the defendant was intoxicated to such a degree.
The defendant's further contention that the County Court should have granted his motion for a mistrial because the late disclosure of the subject form constituted a Brady violation (see Brady v Maryland, 373 US 83) also is without merit. The form was provided during trial in sufficient time for defense counsel to utilize it to cross-examine the subject witness as to any inconsistency between his testimony and his entries on the form (see People v Gomez, 135 AD3d 954, 956; People v Robinson, 61 AD3d 784, 784). Thus, there was no reasonable possibility that earlier disclosure might have led to a different outcome at trial (see People v Vilardi, 76 NY2d 67; People v Bonds, 118 AD3d 717, 720; People v Gardner, 12 AD3d 525, 526; People v Rodriguez, 281 AD2d 644).
The defendant's contention that the testimony of the complainant's mother was improperly admitted into evidence at trial under the prompt outcry exception to the hearsay rule is unpreserved for appellate review (see CPL 470.05[2]). In any event, the complainant's mother's testimony regarding the complainant's telephone communications following the incident was relevant and admissible on the question of whether the complainant was assaulted (see People v Troche, 159 AD3d 735, 737; People v Shepherd, 83 AD3d 1298, 1300; People v Terrence, 205 AD2d 301, 302). Although that portion of the mother's testimony regarding a neighbor's description of what had happened to the complainant constituted hearsay not within the prompt outcry exception (see People v Troche, 159 AD3d at 737; see generally People v McDaniel, 81 NY2d 10), the error in its admission was harmless because there was overwhelming evidence of the defendant's guilt and no significant probability that, absent the error, the defendant would have been acquitted (see People v Crimmins, 36 NY2d 230, 241-242).
The defendant failed to preserve for appellate review his contention that his convictions were not supported by legally sufficient evidence (see CPL 470.05[2]; People v Kolupa, 13 NY3d 786, 787; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court