People v Richardson (2021 NY Slip Op 01337)





People v Richardson


2021 NY Slip Op 01337


Decided on March 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 04, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Shulman, JJ. 


Ind No. 211/11 211/11 Appeal No. 13274 Case No. 2014-2099 

[*1]The People of the State of New York, Respondent,
v
James Richardson, Defendant-Appellant.


Office of the Appellate Defender, New York (Margaret E. Knight of counsel), and Holwell Shuster & Goldberg LLP, New York (Daniel M. Horowitz of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (R. Jeannie Campbell-Urban of counsel), for respondent.



Judgment, Supreme Court, New York County (Charles H. Solomon, J. at speedy trial motions; Arlene D. Goldberg, J. at jury trial and sentencing), rendered July 29, 2013, convicting defendant of attempted assault in the first degree, assault in the second degree, attempted robbery in the first degree (two counts), attempted robbery in the second degree, and criminal possession of a weapon in the second degree (two counts), and sentencing him, as a second violent felony offender, to an aggregate term of 12 years, unanimously affirmed.
The court properly denied defendant's speedy trial motions. The People's December 17, 2012 certificate of readiness "is presumed truthful and accurate and . . . a defendant who challenges such a statement must demonstrate that it is illusory" (People v Brown, 28 NY3d 392, 405 [2016]). The record shows that the People previously answered not ready on calendar calls, and had stated they were having "witness issues" when they could not locate the victim. When they still had not located the victim by December 2012, and the speedy trial clock was close to running out, the People made a permissible change of strategy by declaring that they were nevertheless ready to proceed. On the facts presented, the People could have opted to proceed without the victim by introducing defendant's recorded phone calls admitting to the shooting, a security videotape and medical records, which would have established the requisite minimal prima facie case required to answer ready (see People v Zale, 137 AD3d 634 [1st Dept 2016], lv denied 27 NY3d 1141 [2016]).
The motion court correctly excluded, under CPL 30.30(4)(a), time occasioned by the People's January 2013 Sirois application seeking to introduce the victim's out-of-court statements on the ground that defendant had caused the victim's unavailability. That application was not frivolous or a sham, because the People had, at least, a good faith basis to believe that defendant had caused third parties to threaten or influence the victim not to testify (see People v James, 170 AD3d 477, 479 [1st Dept 2019], lv denied, 33 NY3d 1070 [2019]). Upon locating the victim and finding they could not prove defendant had threatened him, the People promptly withdrew their application. Furthermore, a jointly tried codefendant had a pending motion, so the time was properly excluded on that ground as well (see CPL 30.30[4][d]).
The remaining adjournments at issue were properly excluded either as being on consent (CPL 30.30[4][b]; People v Barden, 27 NY3d 550, 555 [2016]; People v Benjamin, 292 AD2d 191, 192 [1st Dept 2002], lv denied 98 NY2d 635 [2002]), or to afford the People a reasonable period of time to prepare for trial after the court's rulings on motions (CPL 30.30[4][a]; People v Reed, 19 AD3d 312, 314 [1st Dept 2005], lv denied 5 NY3d 832 [2005]).
The trial court providently exercised its discretion in denying missing witness charges for two uncalled witnesses, because, under all the circumstances[*2], neither witness was in the People's control for purposes of a missing witness charge (see People v Savinon, 100 NY2d 192, 196-197 [2003]; People v Gonzalez, 68 NY2d 424, 427-428 [1986]).
Defendant has not established that he was prejudiced by the People's belated disclosure of impeachment material to which defendant was entitled under Brady v Maryland (373 US 83 [1963]), namely a detective's handwritten notes of an interview of the victim. Although defendant received these notes on the eve of trial, he was able to use them to cross-examine the victim (People v Sutherland, 219 AD2d 523, 524 [1st Dept 1995], lv denied 87 NY2d 908 [1995]). Defendant claims he was deprived of an opportunity to call as a witness the detective, who had retired by the time of the trial. However, defendant did not request a continuance for that purpose, either before trial or after the victim's testimony, and did not follow up on the court's suggestion to subpoena the retired detective's contact information. In any event, defendant's assertion that the detective's testimony would have been helpful to the defense is speculative, and there is no reasonable possibility that the result of the trial would have been different if the notes had been disclosed earlier (see People v Fuentes, 12 NY3d 259, 263 [2009]).
The court correctly denied defendant's request for a justification charge, and it was not required to charge justification in response to a note from the deliberating jury asking about "self-defense." There was no reasonable view of the evidence, viewed most favorably to defendant, to support such a charge. While there was some evidence that the victim was carrying a firearm at the time of the incident, there was no evidence that defendant knew of this, or that the victim was the initial aggressor. A justification charge would have called on the jury to "speculate as to a version of the events that was not supported by any of the testimony" (People v Perez, 308 AD2d 359, 360 [1st Dept 2003], lv denied 1 NY3d 577 [2003]). Defendant did not preserve his other arguments relating to the court's response to the jury note, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2021