■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE TELLIS, Appellant.—Judgment, Supreme Court, New York County (Richard T. Andrias, J.), rendered April 4, 1988, convicting defendant, after a jury trial, of robbery in the second degree (Penal Law § 160.10 [2] [a]), and sentencing him as a predicate violent felony offender to a term of incarceration of 5 to 10 years, unanimously affirmed.

The defendant snatched two gold chains with pendants from the complainant's neck when the subway car in which she was sitting was stopped in the station. The complainant pursued defendant but when she caught him on the platform, he grabbed complainant's arm and threw her to the ground. As he turned away, defendant made a throwing motion towards the tracks. Defendant was apprehended almost immediately, at the turnstile, by a bystander who had witnessed the entire event, and held him for police. The complainant meanwhile recovered some of her jewelry from the tracks.

The complainant testified that as a result of being thrown to the ground by defendant, she received bruises on her right arm, back, and hip, was bleeding, sustained black-and-blue marks, and was in great pain. She further testified that this

pain lasted constantly for two weeks. Photographs entered into evidence which had been taken six days after the event still showed the extent of the bruises. Complainant, who was examined by an ambulance technician, did not otherwise seek medical attention, and did not miss school classes other than the day of the crime.

We are persuaded that this evidence admits of more than only subjective pain. Complainant's testimony established that defendant inflicted more than only punches or slaps *(cf., Matter of Philip A.,* 49 NY2d 198 [1980]) which would have been so fleeting as not to rise to the level of the "substantial pain" component of "physical injury", as defined in Penal Law § 10.00 (9). Complainant's testimony as to the duration of the pain and the evidence presented by photographs taken several days later qualify as objective manifestations of substantial pain, and establish the physical injury element of robbery in the second degree *(see, People v Rodney,* 134 AD2d 463 [2d Dept 1987]).

Defendant's contention that the People failed to establish the element of force, used to "[p]revent * * * or overcom[e] resistance to the taking of the property or to the retention thereof" (Penal Law § 160.00 [1]), is without merit. The testimony clearly established that defendant used force to retain the property when complainant pursued him and only thereafter, albeit momentarily thereafter, discarded the property *(see, People v Johnstone,* 131 AD2d 782 [2d Dept 1987]). Throwing the jewelry to the track clearly was an afterthought, by which defendant hoped to discourage further pursuit.

Finally, as defendant concedes, he failed to preserve his challenge to the court's final charge on the elements of robbery in the second degree (CPL 470.05 [2]), and we decline to review the charge in this respect in the interest of justice. However, were we to review the alleged error, we would affirm inasmuch as the Justice followed the appropriate pattern jury charge. Concur—Ross, J. P., Asch, Milonas, Ellerin and Wallach, JJ.