OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be affirmed, without costs.
*862 The Sullivan County District Attorney seeks prohibition, pursuant to CPLR article 78, against enforcement of a County Court order requiring limited disclosure of Grand Jury minutes. Underlying this controversy is the direction for disclosure of the testimony of specified witnesses before a Sullivan County Grand Jury to a County Court Judge of Orange County. The limited in camera transfer was ordered pursuant to CPL 190.25 (4) (a) (see also, Matter of District Attorney of Suffolk County, 58 NY2d 436, 444; People v Di Napoli, 27 NY2d 229, 234).
The Appellate Division dismissed the District Attorney’s prohibition petition, ultimately concluding that the disclosure was proper. We granted leave to appeal and now affirm solely on the ground that the extraordinary prohibition remedy does not lie in the procedural setting and circumstances of this case.
This dispute concerns criminal charges lodged in the neighboring counties of Sullivan and Orange against two defendants for multiple counts of burglary, larceny and other offenses. Evidence was acquired from defendants’ premises in Sullivan County pursuant to a search warrant. One defendant moved for release of the Sullivan County Grand Jury minutes for use in a suppression hearing under the Orange County indictment. County Court in Sullivan County granted the motion and directed that the Grand Jury testimony of two witnesses be disclosed to the County Court in Orange County. The Sullivan County District Attorney seeks to protect the confidentiality of the Grand Jury evidence from any disclosure by collaterally moving for a writ of prohibition.
Prohibition, however, because of its extraordinary nature, "is available only where there is a clear legal right, and then only when a court — in cases where judicial authority is challenged — acts or threatens to act either without jurisdiction or in excess of its authorized powers” (Matter of Holtzman v Goldman, 71 NY2d 564, 569). In this case, the trial court acted within its prescribed powers under CPL 190.25 (4) (a), "upon written order” to direct disclosure of the Grand Jury minutes. In determining whether this statutorily authorized disclosure is appropriate, we require trial courts to evaluate whether the party seeking disclosure has shown a compelling and particularized need for the Grand Jury testimony. When that threshold is met, the trial court must weigh factors to assess the competing public policies of disclosure versus secrecy blanket *863 ing Grand Jury proceedings (see, Matter of District Attorney of Suffolk County, 58 NY2d 436, 444, supra; People v Di Napoli, 27 NY2d 229, 235, supra; compare, CPL 210.30 [3]).
In this, case, the Sullivan County Court rendered a ruling within its statutorily invested power and in accordance with this Court’s precedential protocols. Because the trial court order is plainly within the conferred power and jurisdiction under the statute and cannot be said in this case, as a matter of law, to be "in excess of its authorized powers,” that order is not subject to collateral challenge in a prohibition proceeding (Matter of Holtzman v Goldman, 71 NY2d 564, 569, supra; see also, Matter of State of New York v King, 36 NY2d 59, 62; Matter of Steingut v Gold, 42 NY2d 311, 315; contrast, Matter of Jaffe v Scheinman, 47 NY2d 188, 192-193; and Matter of Proskin v County Ct., 30 NY2d 15, 18-19).
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
Judgment affirmed, without costs, in a memorandum.