■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT RODRIGUEZ, Appellant. [693 NYS2d 54] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Belen, J.), rendered March 25, 1998, convicting him of criminal possession of stolen property in the third degree (two counts), unauthorized use of a vehicle in the third degree (two counts), possession of burglar's tools, and violation of Vehicle and Traffic Law § 415-a (1) (unlawful vehicle dismantler), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 530.45 (6).

The defendant contends that his guilt of the crimes of criminal possession of stolen property in the third degree and unauthorized use of a vehicle in the third degree concerning a 1988 Chevrolet Suburban was not proven by legally sufficient evidence. However, his claim is unpreserved for appellate review since it was not advanced with specificity before the trial court in support of his motion to dismiss the indictment made at the close of the People's case (see, CPL 470.05 [2]; People v Bynum, 70 NY2d 858). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant also contends that the People violated the

rule promulgated in *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866), by failing to turn over the minutes of the New York County Grand Jury testimony of a police officer given in connection with the defendant's prior conviction in New York County for criminal possession of stolen property in the first degree. However, the record demonstrates that the defendant abandoned this claim at trial. In any event, the Kings County prosecutor had no duty to disclose Grand Jury minutes from another county as *Rosario* material. The New York County Grand Jury minutes, being under the jurisdiction of the Supreme Court, New York County, were just as accessible to the defendant as they were to the prosecutor (*see, Matter of Lungen v Kane,* 217 AD2d 849, *affd* 88 NY2d 861; *People v Astacio,* 173 AD2d 834).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Thompson, Sullivan and Friedmann, JJ., concur.