■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BROOKS, Appellant. [708 NYS2d 15] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered December 3, 1996, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and judgment, same court (Micki Scherer, J.), rendered March 12, 1997, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to concurrent determinate terms of 6 years and 7½ years, respectively, unanimously affirmed.

Defendant was arrested at the conclusion of a chase during which he repeatedly pointed a weapon at pursuing police and shots were fired by the police at defendant until he collapsed near the median on Broadway near 160th Street. Defendant claims that his motion to suppress an operable handgun and cocaine contained in a knapsack should have been granted since the warrantless search of the knapsack was not incident to his arrest. The knapsack was within a grabbable area of the defendant when arrested but, nonetheless, the search "must be both justified in [its] inception and reasonably related in scope and intensity to the circumstances which rendered [its] initiation permissible" (*People v Torres*, 74 NY2d 224, 230; *see also, People v Langen*, 60 NY2d 170, 181, *cert denied* 465 US 1028). Given the defendant's flight, display of a weapon and the resulting use of armed force to secure his arrest, there were objective and legitimate reasons for the search of his knapsack. The search was conducted within a reasonable time, at the same place as the arrest, incident to the arrest, and justified by exigent circumstances (*People v Smith*, 59 NY2d 454, 458; *People v Ali*, 241 AD2d 321, *lv denied* 90 NY2d 1009; *People v Wylie*, 244 AD2d 247, 249-250, *lv denied* 91 NY2d 946).

Defendant also argues that his plea of guilty to second-degree criminal possession of a weapon following his conviction after trial, under the same indictment, of third-degree criminal possession of a weapon violated constitutional principles of double jeopardy. Since defendant was convicted of two distinct statutory provisions which required proof of different elements, there is no double jeopardy issue presented (*compare,* Penal Law

§ 265.02 [4] [possession of loaded firearm except at home or business], *with* Penal Law § 265.03 [2] [possession of loaded firearm with intent to use unlawfully against another]). We have examined defendant's remaining contentions and find them to be without merit. Concur—Tom, J. P., Wallach, Lerner, Saxe and Buckley, JJ.