■ In the Matter of HARRY E. DUNLAP, Appellant, v DISTRICT ATTORNEY OF ONTARIO COUNTY, Respondent. [745 NYS2d 364] —Appeal from an order of Ontario County Court (Henry, Jr., J.), dated May 22, 2001, which denied petitioner's motion for the disclosure of grand jury testimony.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: County Court did not abuse its discretion in denying petitioner's motion for disclosure of grand jury testimony from a proceeding in New York sought in connection with an application for postconviction relief in Pennsylvania. Petitioner failed to meet his burden of establishing "a compelling and particularized need" for disclosure (*Matter of District Attorney of Suffolk County*, 58 NY2d 436, 444). The testimony sought was from a witness who admitted in the Pennsylvania

trial that she had not been truthful in that portion of her prior grand jury testimony in New York that dealt with her lack of knowledge of the presence of drugs in the vehicle petitioner was driving and in which the witness was a passenger. Thus, the credibility of that witness had been impeached during the trial in Pennsylvania, and there was no compelling need for her grand jury testimony to impeach her credibility further. Nor can it be said that the public interest in disclosure outweighed the public interest in the secrecy of grand jury proceedings (*see Matter of Lungen v Kane*, 88 NY2d 861, 862-863; *Matter of District Attorney of Suffolk County*, 58 NY2d at 444). Although CPL 190.25 (4) (a) permits a witness to disclose his or her own grand jury testimony, petitioner has cited no authority to support his contention that a partial disclosure constitutes a waiver of the general secrecy provisions applicable to grand jury proceedings, and we reject that contention. Present—Pigott, Jr., P.J., Pine, Scudder, Kehoe and Gorski, JJ.