■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELL HOFFMAN, Appellant. [768 NYS2d 651]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered June 25, 2002, convicting him of robbery in the first degree (two counts), robbery in the second degree (three counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence adduced at trial was legally insufficient to establish his identity as one of the robbers is unpreserved for appellate review since he did not specify that ground in his motion to dismiss at trial (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's identity and guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]; *People v Caban,* 120 AD2d 603 [1986]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Santucci, J.P., Krausman, Cozier and Mastro, JJ., concur.