██ In the Matter of MYRON J., a Person Alleged to be a Juvenile Delinquent, Appellant. [999 NYS2d 169]—

Appeal from an order of disposition of the Family Court, Queens County (Robert I. Caloras, J.), dated September 11, 2013. The order adjudicated Myron J. a juvenile delinquent, upon a fact-finding order dated May 10, 2013, made after a hearing, finding that he committed acts which, if committed by an adult, would have constituted the crimes of robbery in the third degree, criminal possession of stolen property in the fifth degree, and resisting arrest, and, after a dispositional hearing, placed him in the custody of the New York State Office of Children and Family Services for placement in a limited secure facility for a period of up to 18 months, with a minimum of six months.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant's challenges to the legal sufficiency of the evidence are unpreserved for appellate review, as he made only a general motion to dismiss for failure to establish a prima facie case at the close of the presentment agency's case (*see Matter of Jonathan F.*, 72 AD3d 963 [2010]; *cf.* CPL 470.05 [2]; *People v Carncross*, 14 NY3d 319, 324 [2010]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v Hoffman*, 2 AD3d 749 [2003]). In any event, viewing the evidence adduced at the fact-finding hearing in the light most favorable to the presentment agency (*see Matter of Dashawn R.*, 120 AD3d 1250 [2014]; *Matter of Tanasia Elanie E.*, 49 AD3d 642 [2008]; *Matter of Shariff A.*, 28 AD3d 546, 547 [2006]), we find that it was legally sufficient to support the determinations made in the fact-finding order.

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence, we nevertheless accord great deference to the opportunity of the factfinder to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Dashawn R.*, 120 AD3d 1250 [2014]; *Matter of Briona T.G.*, 47 AD3d 811 [2008]; *Matter of Carliph T.*, 26 AD3d 440 [2006]), and the Family Court's credibility determinations should not be disturbed unless clearly unsupported by the record (*see Matter of Christopher H.*, 123 AD3d 713 [2d Dept 2014]; *Matter of Charles S.*, 41 AD3d 484 [2007]). Upon reviewing the record here, we are satisfied that the determination of the Family Court was not against the weight of the evidence.

Contrary to the appellant's contention, the factfinder was entitled to infer that the appellant's purpose in using physical

force against the complainant was to retain control of the stolen property, and not merely to escape or defend himself (*see People v Gordon*, 23 NY3d 643, 645 [2014]; *People v Lewis*, 116 AD3d 791 [2014]; *People v Williams*, 69 AD3d 662, 663 [2010]; *People v Bynum*, 68 AD3d 1348 [2009]; *People v Tellis*, 156 AD2d 260, 261 [1989]).

"A key element of resisting arrest is the existence of an authorized arrest, including a finding that the arrest was premised on probable cause" (*People v Jensen*, 86 NY2d 248, 253 [1995]). " '[C]onsidering *all* of the facts and circumstances together' " (*People v Shulman*, 6 NY3d 1, 26 [2005], quoting *People v Bigelow*, 66 NY2d 417, 423 [1985]), probable cause to arrest the appellant was established here (*see People v Ramirez-Portoreal*, 88 NY2d 99, 113 [1996]; *People v Jackson*, 105 AD3d 866, 867 [2013]; *People v Read*, 74 AD3d 1245 [2010]; *People v Bryant*, 199 AD2d 329 [1993]). Balkin, J.P., Cohen, Duffy and LaSalle, JJ., concur.