■ In the Matter of DASHAWN B., a Person Alleged to be a Juvenile Delinquent, Appellant. [22 NYS3d 482]—Appeal from an order of disposition of the Family Court, Kings County (Terrence J. McElrath, J.), dated July 22, 2014. The order adjudicated Dashawn B. a juvenile delinquent and placed him on probation for a period of 18 months. The appeal brings up for review a fact-finding order of that court dated March 25, 2014, which found that Dashawn B. committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the second degree and attempted grand larceny in the fourth degree.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant contends that the evidence was legally insufficient to support the findings that he committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the second degree and attempted grand larceny in the fourth degree. To the extent that the appellant challenges the legal sufficiency of the proof regarding larcenous intent, an attempt to take property, and the use of force, his arguments are unpreserved for appellate review since he failed to specifically assert such arguments before the Family Court (see Matter of Myron J., 123 AD3d 1030, 1031 [2014]; Matter of Christopher H., 123 AD3d 713, 713-714 [2014]; Matter of Rodolfo M., 79 AD3d 752, 752 [2010]; cf. CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the presentment agency (see Family Ct Act § 342.2 [2]; Matter of David H., 69 NY2d 792, 793 [1987]; cf. People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the second degree and attempted grand larceny in the fourth degree (see Matter of Myron J., 123 AD3d at 1031-1032; People v Toney, 12 AD3d 623, 624 [2004]; People v Wilson, 10 AD3d 460, 461 [2004]; cf. Matter of Robert C., 67 AD3d 790, 791 [2009]; Matter of Shawn V., 4 AD3d 369, 369-370 [2004]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Chakelton M., 111 AD3d 732, 733 [2013]; Matter of Danielle B., 94 AD3d 757, 758 [2012]; cf. CPL 470.15 [5]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see

*Matter of Myron J.*, 123 AD3d at 1031; *Matter of Christopher H.*, 123 AD3d at 713; *Matter of Chakelton M.*, 111 AD3d at 733). Upon reviewing the record, we are satisfied that the Family Court's fact-finding determinations were not against the weight of the evidence.

The appellant's remaining contention is unpreserved for appellate review (*see Matter of Anthony R.*, 43 AD3d 939, 940 [2007]; *Matter of Nasheem P.*, 23 AD3d 662, 664 [2005]; *cf.* CPL 470.05 [2]) and, in any event, without merit. Mastro, J.P., Rivera, Leventhal and Duffy, JJ., concur.