█ In the Matter of Lavon S., a Person Alleged to be a Juvenile Delinquent, Appellant. [26 NYS3d 310]—

Appeal from an order of disposition of the Family Court, Kings County (Jacqueline D. Williams, J.), dated February 24, 2015. The order adjudicated Lavon S. a juvenile delinquent and placed him in a nonsecure facility for a period of 18 months. The appeal brings up for review a fact-finding order of that court dated February 2, 2015, which found that Lavon S. committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the second degree (two counts), criminal possession of a firearm, a violation of section 10-131 (i) (3) of the Administrative Code of the City of New York, which prohibits unauthorized possession of certain ammunition, and false personation.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant contends that the evidence was legally insufficient to support the findings that he committed acts, which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the second degree (two counts), criminal possession of a firearm, and a violation of section 10-131 (i) (3) of the Administrative Code of the City of New York. The appellant's legal sufficiency arguments are unpreserved for appellate review, except to the extent that he contends that there was insufficient evidence of his intent to

use a weapon unlawfully against another (*see Matter of Myron J.*, 123 AD3d 1030, 1031 [2014]; *Matter of Christopher H.*, 123 AD3d 713, 713-714 [2014]; *Matter of Rodolfo M.*, 79 AD3d 752, 752 [2010]; *cf.* CPL 470.05 [2]). In any event, viewing the evidence adduced at the fact-finding hearing in the light most favorable to the presentment agency (*see* Family Ct Act § 342.2 [2]; *Matter of David H.*, 69 NY2d 792, 793 [1987]; *cf. People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to support the subject determinations made in the fact-finding order. The factfinder was entitled to presume that the appellant, in possessing a loaded and operable firearm, intended to use it unlawfully against another (*see* Penal Law § 265.15 [4]; *People v Galindo*, 23 NY3d 719, 724-725 [2014]; *People v Campos*, 93 AD3d 581, 582 [2012]; *People v Johnson*, 46 AD3d 838, 839 [2007]; *People v Sheehan*, 41 AD3d 335, 335 [2007]; *People v Steward*, 213 AD2d 570, 570 [1995]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Chakelton M.*, 111 AD3d 732, 733 [2013]; *Matter of Danielle B.*, 94 AD3d 757, 758 [2012]; *cf.* CPL 470.15 [5]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Myron J.*, 123 AD3d at 1031; *Matter of Christopher H.*, 123 AD3d at 713; *Matter of Chakelton M.*, 111 AD3d at 733). Upon reviewing the record, we are satisfied that the Family Court's fact-finding determinations were not against the weight of the evidence.

The appellant's contention that the presentment agency violated the rule promulgated in *People v Rosario* (9 NY2d 286 [1961]) by failing to disclose a sealed document relating to a proceeding against an adult is without merit (*cf.* CPL 240.45 [1] [a]; *People v Rodriguez*, 262 AD2d 428, 429 [1999]; *Matter of County of Nassau v Sullivan*, 194 AD2d 236, 237-238 [1993]; *People v Astacio*, 173 AD2d 834, 834-835 [1991]). Moreover, the appellant's contention that this failure to disclose constituted a violation of *Brady v Maryland* (373 US 83 [1963]) is unpreserved for appellant review (*see* CPL 470.05 [2]; *People v Gardner*, 12 AD3d 525, 526 [2004]; *People v Rodriguez*, 281 AD2d 644, 645 [2001]) and, in any event, without merit.

The Family Court has broad discretion to limit cross-examination (*see Matter of Sheldon G.*, 234 AD2d 459, 459-460 [1996]; *cf. Delaware v Van Arsdall*, 475 US 673, 679 [1986]). Generally, "curtailment [of cross-examination] will be judged improper when it keeps from the jury relevant and important facts bearing on the trustworthiness of crucial testimony"

(*People v Ashner*, 190 AD2d 238, 247 [1993]). Here, the Family Court did not improvidently exercise its discretion in limiting the appellant's cross-examination of witnesses (*see People v Arroyo*, 131 AD3d 1257, 1258 [2015]; *see also People v Willock*, 125 AD3d 901, 902-903 [2015]; *People v Rivera*, 98 AD3d 529, 529 [2012]; *cf. Delaware v Van Arsdall*, 475 US at 679).

The appellant's contention that the Family Court violated constitutional principles of double jeopardy by finding that he committed acts which, if committed by an adult, would violate Penal Law § 265.03 (1) (b) and (3), is unpreserved for appellate review (*see People v Biggs*, 1 NY3d 225, 231 [2003]; *People v Gonzalez*, 99 NY2d 76, 82-83 [2002]; *People v Olson*, 116 AD3d 427, 428 [2014]; *People v Ortiz*, 80 AD3d 628, 630 [2011]). In any event, this contention is without merit (*see People v Simmons*, 133 AD3d 1275, 1277 [2015]; *People v Brooks*, 272 AD2d 194, 194-195 [2000]).

The appellant's remaining contentions are without merit. Leventhal, J.P., Dickerson, Roman and Maltese, JJ., concur.