■ In the Matter of JOSE E.T., JR., a Person Alleged to be a Juvenile Delinquent, Appellant. [25 NYS3d 624]—Appeal from an undated order of disposition of the Family Court, Suffolk County (David Freundlich, J.). The order adjudicated Jose E. T., Jr., a juvenile delinquent, upon a fact-finding determination, made after a hearing, that he committed an act which, if committed by an adult, would have constituted the crime of petit larceny, and placed him on probation until December 19, 2016.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant's challenge to the legal sufficiency of the proof regarding larcenous intent is unpreserved for appellate review, since he failed to specifically assert such argument before the Family Court (*Matter of Dashawn B.*, 134 AD3d 930 [2015]; *Matter of Myron J.*, 123 AD3d 1030, 1031 [2014]). In any event, viewing the evidence adduced at the fact-finding hearing in the light most favorable to the presentment agency (*see* Family Ct Act § 342.2 [2]; *Matter of David H.*, 69 NY2d 792, 793 [1987]; *cf. People v Contes*, 60 NY2d 620 [1983]), it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed an act which, if committed by an adult, would have constituted the crime of petit larceny.

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Chakelton M.*, 111 AD3d 732, 733 [2013]; *Matter of Danielle B.*,

94 AD3d 757, 758 [2012]; *cf.* CPL 470.15 [5]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Myron J.*, 123 AD3d at 1031; *Matter of Christopher H.*, 123 AD3d 713, 714 [2014]). Upon reviewing the record, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence.

We agree with the appellant that certain statements were not admissible under the coconspirator exception to the hearsay rule (*see People v Caban*, 5 NY3d 143, 148 [2005]). However, under the circumstances of this case, the error in admitting the statements was harmless in view of the overwhelming evidence of the appellant's guilt and the absence of any reasonable possibility that the error affected the fact-finding determination (*cf. People v Yi Qiu*, 129 AD3d 1111, 1112 [2015]). Balkin, J.P., Roman, Cohen and Maltese, JJ., concur.