◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMIL BEST, Appellant. [55 NYS3d 661]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Delligatti, J.), rendered January 25, 2016, convicting him of criminal sexual act in the first degree (two counts), sexual abuse in the first degree (three counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of various offenses in connection with his acts of engaging in sexual contact on three separate occasions with the complainant, a child who was under the age of 11 at the time of the incidents.

The defendant's challenge to the legal sufficiency of the evidence supporting his convictions is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the opportunity of the finder of fact to view the witnesses, hear testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Furthermore, it is within the discretion of the trial court to limit the scope of cross-examination when questions are irrelevant, concern collateral issues, or risk misleading the jury (*see People v Caballero*, 137 AD3d 929, 930 [2016]; *People v Legere*, 81 AD3d 746, 750 [2011]; *People v Gaviria*, 67 AD3d 701 [2009]; *People v Francisco*, 44 AD3d 870 [2007]). Here, the trial court providently exercised its discretion in limiting the cross-examination of one of the People's witnesses. Mastro, J.P., Hall, Austin and Barros, JJ., concur.