People v Mitchell (2020 NY Slip Op 06813)





People v Mitchell


2020 NY Slip Op 06813


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2014-05910
 (Ind. No. 4743/10)

[*1]The People of the State of New York, respondent,
v
Stephen Mitchell, appellant.


Stephen T. Mitchell, named herein as Stephen Mitchell, New York, NY, appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jean M. Joyce of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William E. Garnett, J.), rendered May 23, 2014, convicting him of grand larceny in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
A grand jury indicted the defendant, an attorney, for grand larceny in the second degree (Penal Law § 155.40[1]), based upon the defendant's alleged theft of the proceeds from the sale of certain real property belonging to the estate of Charles Brown (hereinafter the estate). At the jury trial, the testimony and evidence presented by the People established, inter alia, that the defendant was retained to represent the estate in the sale of the subject property, which was sold in December 2005, that the defendant received a check made payable to the executor of the estate in the sum of $401,082.50, at the closing on the property, and thereafter received a second check made payable to the estate in the sum of $10,000, and that the defendant deposited those checks in his attorney IOLA account which, prior to the sale of the property, had a balance of $29.27. The evidence also demonstrated that between December 2005 and March 2006, the defendant transferred different amounts from his attorney IOLA account into his various other bank accounts, that as of March 2006, the balance in the defendant's IOLA account was $411.77, and that the estate did not receive any of the proceeds from the sale of the property. Following the jury trial, the defendant was convicted of grand larceny in the second degree.
The defendant's contention that the grand jury proceeding was defective within the meaning of CPL 210.35(5) based on the prosecutor's failure to instruct the grand jury with regard to certain provisions of the Mental Hygiene Law and the EPTL is, as the defendant concedes, unpreserved for appellate review (see CPL 470.05[2]; People v Tunit, 149 AD3d 1110, 1110; People v Forde, 140 AD3d 1085, 1087). In any event, this contention is without merit inasmuch as the prosecutor's failure to provide that instruction did not impair the integrity of the grand jury proceeding or give rise to the possibility of prejudice to the defendant (see People v Sealy, 181 AD3d 893, 894; People v Burch, 108 AD3d 679, 680-681; People v Kurth, 82 AD3d 905, 906).
Viewing the evidence presented at trial in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that there was legally sufficient direct and circumstantial evidence that the defendant, without permission or authority, used a portion of the sale proceeds in excess of $50,000, for purposes unrelated to the payment of the debts and expenses of the estate, to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348; People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in limiting the defendant's cross-examination of one of the People's witnesses since the proposed line of questioning was only marginally relevant and concerned collateral issues (see People v Elmore, 175 AD3d 1423, 1423; People v Best, 152 AD3d 617, 618; People v Frumusa, 134 AD3d 1503, 1504, affd 29 NY3d 364). Furthermore, the court's charge to the jury, viewed in its entirety, adequately explained the concepts of reasonable doubt and the People's burden of proof, and did not improperly shift the burden of proof to the defendant (see People v Enoksen, 175 AD3d 624, 626).
The defendant's contention concerning the alleged nondisclosure of certain Rosario material (see People v Rosario, 9 NY2d 286) is unpreserved for appellate review, and we decline to review it in the exercise of our interest of justice jurisdiction (see People v Bloom, 149 AD3d 1462, 1463; People v Jacobs, 71 AD3d 693, 693; People v Lorenzo, 272 AD2d 184; People v Rodriguez, 262 AD2d 428; People v Swinson, 227 AD2d 508).
The defendant's remaining contentions are without merit.
BALKIN, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court