Matter of Glaser v Dougherty
2026 NY Slip Op 03166
May 20, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Christine Glaser, appellant,
v
John Dougherty, respondent. (Proceeding No. 1)
In the Matter of John Dougherty, respondent,
Christine Glaser, appellant. (Proceeding No. 2)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 20, 2026
2025-03534, (Docket Nos. V-15523-23, V-16180-23)
Colleen D. Duffy, J.P.
Betsy Barros
Barry E. Warhit
Lisa S. Ottley, JJ.

Michael Catalanotto (Elliott Scheinberg, New City, NY, of counsel), for appellant.
Quatela | Chimeri PLLC, Hauppauge, NY (Christopher J. Chimeri and Sophia Arzoumanidis of counsel), for respondent.
Warren S. Hecht, Forest Hills, NY, attorney for the child.

[*1]
DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Darlene Jorif-Mangane, Ct. Atty. Ref.), dated February 11, 2025. The order, insofar as appealed from, after a hearing, granted that branch of the father's petition which was for joint residential custody of the parties' child in Indiana and denied that branch of the mother's petition which was for primary residential custody of the child.
ORDERED that the order is reversed, insofar as appealed from, on the facts and in the exercise of discretion, with costs, that branch of the father's petition which was for joint residential custody of the parties' child in Indiana is denied, that branch of the mother's petition which was for primary residential custody of the child is granted, and the matter is remitted to the Family Court, Suffolk County, for the entry of an order establishing an appropriate parental access schedule in accordance herewith.
The parties were married in October 2020 and share one child, born in December 2020. In October 2023, the mother filed a petition, inter alia, for primary residential custody of the parties' child, and the father, who had relocated to the state of Indiana, thereafter also petitioned for residential custody of the child. In an order dated February 11, 2025, after a hearing, the Family Court, among other things, granted that branch of the father's petition which was for joint residential custody of the parties' child in Indiana and denied that branch of the mother's petition which was for primary residential custody of the parties' child. The mother appeals.
The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Portillo v Arevalo-Narvaez, 246 AD3d 1100). The determination of the [*2]child's best interests is to be made based on all the relevant circumstances (see Matter of Tropea v Tropea, 87 NY2d 727). In determining the child's best interests, the court must consider, among other things, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including their ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires (see Joseph P.A. v Martha A., 237 AD3d 1146, 1147; Matter of Tofalli v Sarrett, 150 AD3d 1122).
Inasmuch as a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's custody determination will not be disturbed if supported by a sound and substantial basis in the record (see Joseph P.A. v Martha A., 237 AD3d at 1147). This Court's authority in custody determinations is as broad as that of the trial court (see Matter of Ender M.Z-P. [Olga Z.], 109 AD3d 834, 835-836).
Where domestic violence is demonstrated by a preponderance of the evidence, the court must consider the effect of such domestic violence upon the best interests of the child (see Domestic Relations Law § 240[1][a]; Matter of Samake v Sy, 244 AD3d 1212, 1213; Matter of Wissink v Wissink, 301 AD2d 36, 39).
Here, the Family Court's determination to award joint residential custody of the child to the father in Indiana lacked a sound and substantial basis in the record. Since the allegation of an incident of domestic violence was undisputed by either party, the court was required to consider the effects of such violence upon the best interests of the child (see Domestic Relations Law § 240[a][1]; Matter of Wissink v Wissink, 301 AD2d at 37). Here, where the other factors pertaining to residential custody were fairly equal between the parties, the incident of domestic violence weighs in favor of awarding primary residential custody to the mother.
Moreover, although the strict application of factors relevant to relocation (see Matter of Tropea v Tropea, 87 NY2d 727) is not required in the context of an initial custody petition, the record fails to demonstrate that the best interests of the child would be served by moving the child from New York to Indiana (see Joseph P.A. v Martha A., 237 AD3d at 1147). Rather, viewing the totality of the circumstances, the record demonstrates that the best interests of the child would be served by awarding primary residential custody of the child to the mother in New York.
In light of our determination, the matter is remitted to the Family Court, Suffolk County, for the entry of an order establishing an appropriate parental access schedule for the father.
The parties' remaining contentions either need not be reached or are without merit.
DUFFY, J.P., BARROS, WARHIT and OTTLEY, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court