Matter of Waldo v Asiedu-Boateng
2026 NY Slip Op 03681
June 10, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Erika Waldo, appellant,
v
Kwasi Asiedu-Boateng, respondent. (Proceeding No. 1)
In the Matter of Kwasi Asiedu-Boateng, respondent,
v
Erika Waldo, appellant. (Proceeding No. 2)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 10, 2026
2024-10356, (Docket Nos. V-13349-22, V-1677-24)
Angela G. Iannacci, J.P.
Helen Voutsinas
Janice A. Taylor
James P. McCormack, JJ.

Erika Waldo, Southampton, NY, appellant pro se.
Mitev Law Firm, P.C., Stony Brook, NY (Vesselin V. Mitev of counsel), for respondent.

[*1]
DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Andrea A. Amoa, Ct. Att. Ref.), dated September 5, 2024. The order, after a hearing, denied the mother's petition for sole legal and physical custody of the parties' child and granted the father's petition, inter alia, for sole custody of the parties' child to the extent of awarding the parties joint legal and physical custody of the parties' child, with final decision-making authority to the father, and awarding the parties alternating weekly parental access.
ORDERED that the order is reversed, on the law and the facts, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a new hearing on the parties' petitions, before a different Court Attorney Referee or Judge, to be conducted expeditiously, and a new determination of the parties' petitions thereafter.
The parties, who were never married, share one minor child in common. In September 2022, the mother filed a petition pursuant to Family Court Act article 6 for sole legal and physical custody of the child. Thereafter, the father filed a petition for sole custody of the child and final decision-making authority, with parental access to the mother. Both petitions contained allegations of domestic violence. In an order dated September 5, 2024, the Family Court, after a hearing, denied the mother's petition and granted the father's petition to the extent of awarding the parties joint legal and physical custody of the child, with final decision-making authority to the father, and awarding the parties alternating weekly parental access. The mother appeals.
The paramount concern in any custody determination is the best interests of the child under the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Smith v Colon, 225 AD3d 773, 773). In an initial custody determination, factors to be considered in determining the child's best interests include the quality of the home environment and the parental [*2]guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent (see Matter of Bell v Pierre, 239 AD3d 973, 974-975; Matter of Steward v Okon, 238 AD3d 1055, 1056-1057). Where domestic violence is demonstrated by a preponderance of the evidence, the court must consider the effect of such domestic violence upon the best interests of the child (see Matter of Bell v Pierre, 239 AD3d at 975; Matter of Ravello v Ravello, 187 AD3d 1021, 1022).
This Court's authority in custody determinations is as broad as that of the hearing court, and while we are mindful that the hearing court has an advantage in being able to observe the demeanor and assess the credibility of witnesses, the hearing court's determination will not be affirmed if it lacks a sound and substantial basis in the record (see Matter of Cook v Perez, 215 AD3d 960, 962-963; Pettei v Pettei, 207 AD3d 670, 672). "Since a court has an obligation to make an objective and independent evaluation of the circumstances, a custody determination should be made only after a full and fair hearing at which the record is fully developed. This allows the court to fulfill its duty to make an enlightened, objective and independent evaluation of the circumstances" (Matter of Luke v Erskine, 222 AD3d 868, 871 [internal quotation marks omitted]; see Matter of Pinto v Pinto, 177 AD3d 746, 747-748). In addition, although the Family Court possesses broad discretion to control the scope of the examination of a witness (see Matter of Emily RR. [Daniel QQ.], 244 AD3d 1630, 1633; Matter of Lavon S., 136 AD3d 1044, 1045), curtailment of cross-examination will be judged improper when it keeps from the factfinder relevant and important facts bearing on the trustworthiness of crucial testimony (see Matter of Lavon S., 136 AD3d at 1045).
Here, the mother provided detailed testimony and photographic evidence in support of the allegations of domestic violence in her petition. By contrast, the father did not testify about any alleged incidents of domestic violence. Further, the Family Court improperly curtailed cross-examination of the father on the allegations of domestic violence set forth in the mother's petition, which were highly relevant to the court's best interests determination (see generally Matter of Glaser v Dougherty, ____ AD3d ____, ____, 2026 NY Slip Op 03166, *2; Matter of St. Sume v Herrera, 247 AD3d 1046, 1047). Under these circumstances, the evidence adduced at the hearing was insufficient to allow us to make a best interests determination (see Matter of Luke v Erskine, 222 AD3d at 872; Matter of Nalty v Kong, 59 AD3d 723, 724), and the court's determination crediting the father's testimony over the mother's testimony lacks a sound and substantial basis in the record. Accordingly, the court's determination awarding the father final decision-making authority regarding major medical, educational, and general welfare decisions in the event the parties could not agree lacked a sound and substantial basis in the record (see generally Matter of Luke v Erskine, 222 AD3d at 872; Matter of Cook v Perez, 215 AD3d 960, 963).
Further, the award of alternating weekly parental access also lacked a sound and substantial basis in the record. The father testified that he typically worked 12-hour shifts on three days of the week and that he occasionally worked overtime. However, he did not adequately specify how he would be able to provide care for the child on the days that he worked. In the absence of such evidence, the award of alternating weekly parental access lacks a sound and substantial basis in the record.
Accordingly, we remit the matter to the Family Court, Suffolk County, for a new hearing and a new determination thereafter of the parties' petitions. In addition, we deem it appropriate that the hearing be held before a different Court Attorney Referee or Judge (see Matter of Luke v Erskine, 222 AD3d at 873; Matter of David v LoPresti, 176 AD3d 701, 704; Matter of Secaira v Caluna, 159 AD3d 826, 827).
The father's contention that the mother's appeal is frivolous is without merit (see 22 NYCRR 130-1.1).
IANNACCI, J.P., VOUTSINAS, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court